United States District Court
Southern District of Texas
**ENTERED**
February 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR SANDOVAL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B-16-031 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Hector Sandoval's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, "Sandoval's Petition"). Dkt. No. 1. It is recommended that the Court dismiss Sandoval's Petition because it plainly appears he is not entitled to relief in this Court. *See* Federal R. Civ. P., Rules Governing § 2254, Rule 4; *Lofton v. United States*, 2005 WL 2177205 at *2 (S.D.Tex. Sept. 8, 2005) (memorandum decision) ("Rule 4… authorizes dismissal of non-meritorious claims… that fail to show the petitioner is being held in custody in violation of the Constitution…. To avoid summary dismissal, the facts pleaded must point to a 'real possibility of constitutional error.'").

### I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the petitioner is confined, or where his state conviction was obtained. *See* 28 U.S.C. §§

2241, 2254; *see also Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000). Sandoval was convicted in Cameron County, Texas.[1] Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(5).

## II. Discussion

Sandoval filed his instant Petition on or about February 10, 2015. Dkt. No. 1. Sandoval's Petition argues his denial of parole constitutes being punished twice for his crime in violation of the Double Jeopardy clause. *Id.* at 6. Specifically, Sandoval claims that although he is eligible, he was denied parole based upon the nature of his offense, "intoxication manslaughter." *Id*; *see also* Dkt. No. 4 at 2-3. Sandoval seeks a new parole hearing "conducted under constitutionally proper procedures" without violations of his Fifth Amendment rights. Construing his Petition liberally, Sandoval argues that denial of parole is unconstitutional under the Double Jeopardy and the Due Process clauses.

### A. Sandoval's Due Process Claim

Federal habeas relief cannot be granted unless the petitioner alleges deprivation of a right secured to him by the United States Constitution, or the laws of the United States. *Teauge v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007). Incarceration for a prisoner includes the "necessary withdrawal" of many privileges and rights, but prisoners do not "shed all their rights at the prison gate." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In fact, under certain circumstances, states create liberty interests protected by the Due Process clause. *Id.* These

---

[1] Dkt. No. 4 at 2-3.

interests are generally limited to state created regulations or statutes that affect the quantity of time rather than the quality of time incarcerated. *Id.*

In Texas, there are two ways an inmate may become eligible for early release; parole or mandatory supervised release. *Teauge*, 482 F.3d at 774 (5th Cir. 2007). Parole is a discretionary and conditional release of an eligible inmate sentenced to an institutional division where the inmate serves the remainder of a sentence under the supervision of the "pardons and paroles division." Tex. Gov't Code Ann. § 508.001(6) (West 2016). However, unlike mandatory supervised release that is a protected liberty interest, in Texas, there is no constitutional expectancy of release for parole because parole is within the "total and unfettered discretion of the State." *Teauge*, 482 F.3d at 774, 777; *see also Madison*, 104 F.3d at 768 ("In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole."). Therefore, this Court cannot grant Sandoval relief regarding the denial of parole through the Due Process clause.

### B. Sandoval's Double Jeopardy Claim

The Double Jeopardy clause provides, "[n]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. The Double Jeopardy clause was designed to protect a criminal defendant from multiple punishments for the same offense, but has since been interpreted to assure that a defendant will not be burdened by additional punishment after a prior conviction and sentence. *Brown v. Ohio*, 432 U.S. 161, 165-66 (1977). However, as noted above, parole is a conditional release of an inmate to serve the *remainder* of a

sentence under the supervision of the "pardons and paroles division," and is therefore not an additional or increased sentence. *See* Tex. Gov't Code Ann. § 508.001(6) (West 2016) (emphasis added). Instead, it is a decision made concerning whether or not to release an inmate early from the direct confinement portion of a sentence. Thus, a denial of parole does not constitute an additional punishment that violates the Double Jeopardy clause.

While the Fifth Circuit seemingly has not explicitly stated this principle, multiple sister circuits have announced similar rules. *See, e.g.*, *Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994) ("Parole determinations are not viewed as criminal punishment subject to the Double Jeopardy Clause."); *Garcia v. United States*, 769 F.2d 697, 699 (11th Cir. 1985); *Alessi v. Quinlan*, 711 F.2d 497, 501 (2nd Cir. 1983); *Averhart v. Tutsie*, 618 F.2d 479, 483 (7th Cir. 1980); *Shankles v. Collins*, 877 F. Supp. 346, 352 (E.D.Tex. Jan. 31, 1995) (memorandum opinion), *adopted by Shankles v. Director, TDCJ-ID*, 877 F. Supp. 346 (E.D.Tex. March 8, 1995). Yet, the Fifth Circuit has announced that the Double Jeopardy clause does not generally apply to parole revocation proceedings or subsequent revocation hearings that use information or conduct considered in a prior hearing. *See United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981); *Cortinas v. United States Parole Comm'n.*, 938 F.2d 43, 46-47 (5th Cir. 1991). Finally, in so far as Sandoval argues that considering the nature of his underlining crime violates the Double Jeopardy clause, the Supreme Court has acquiesced to consideration of the gravity of the offense and its nature when considering the constitutionality of parole

procedures. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 8, 11, 15-16 (1979). Thus, this Court finds that the logic of binding Fifth Circuit law, and the persuasive authority explicitly so stating, dictates finding that a denial of parole does not violate the Double Jeopardy clause.

### III.  Recommendation

For the reasons above, it is recommended that the Court dismiss Sandoval's Petition because it plainly appears he is not entitled to relief in this Court.

### IV.  Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking those factual findings and legal conclusions that the district court accepts on appeal, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 16th day of February, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**