United States District Court
Southern District of Texas
**ENTERED**
March 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR SANDOVAL, Petitioner, | § § § | |
| v. | § § | Civil Action No. 1:16-cv-031 |
| WILLIAM STEPHENS, Respondent. | § § § § | |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation regarding Hector Sandoval's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Docket No. 1). On March 2, 2016, Hector Sandoval (hereafter "Petitioner") filed objections to the Magistrate Judge's recommendation that his motion be dismissed, arguing (1) that a state may create a liberty interest in parole release that is protected under the Due Process Clause, and (2) that the parole board violated his rights under the Double Jeopardy Clause by denying him parole based on the nature of his offense. *See* (Docket No. 9).

With regard to Petitioner's first objection, the state of Texas has not created a liberty interest in parole release. Texas Government Code § 508.001(6) explicitly states that parole is "the discretionary and conditional release of an eligible inmate . . . ." Thus, the Magistrate Judge correctly notes in his Report and Recommendation that "unlike mandatory supervised release that is a protected liberty interest, in Texas, there is no constitutional expectancy of release for parole because parole is within the 'total and unfettered discretion of the State.'" (Docket No. 5 at 3 (citing *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007))).

With regard to Petitioner's second objection, Texas Administrative Code § 145.2 explicitly states that the parole guidelines consist of a "risk assessment instrument" and an "offense severity scale." Thus, in determining whether to

release an inmate on parole, the Texas parole board necessarily considers the nature of the inmate's offense. Further, as the Magistrate Judge again correctly notes, the Supreme Court has made clear that if a state chooses to establish a parole system, the state has the discretion to define the factors that should be considered by the parole authority, including the nature and circumstances of an inmate's offense. *Id.* at 4–5 (citing *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 8 (1979)). Thus, the Texas parole board did not violate Petitioner's rights under the Double Jeopardy Clause when it denied him parole based on the nature of his offense.

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is **ADOPTED**. It is therefore, **ORDERED, ADJUDGED,** and **DECREED** that Sandoval's § 2254 Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED** with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. A certificate of appealability shall not issue.

Signed on this \_\_\_15th\_\_\_ day of \_\_\_March\_\_\_, 2016.

_____
Rolando Olvera
United States District Judge